UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN CHRISTOPHER WALKER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Case No. 1:23-cv-00565-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 14). |

　　　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

　　　　Plaintiff presents the following issues:

　　　　1. The ALJ's decision is unsupported by substantial evidence as he failed to find Plaintiff's neuropathy severe at Step 2 and did not include any limitations in the RFC reflective of Plaintiff's limitations related to his neuropathy.

　　　　2. The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer any reason for rejecting Plaintiff's subjective complaints.

(ECF No. 14, p. 3).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows.

**I.      ANALYSIS**

    **A.      Step Two and the RFC**

Plaintiff's first issue raises a two-part challenge to the ALJ's decision, arguing (1) that the ALJ should have found his neuropathy severe at Step Two; and (2) that the ALJ failed to account for his neuropathy-related limitations in formulating the RFC. (ECF No. 14, p. 6).

Beginning with the first part of Plaintiff's argument, the Ninth Circuit has provided the following guidance regarding whether medically determinable impairments are severe under Step Two:

> An impairment or combination of impairments may be found "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." [*Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)] (internal quotation marks omitted) (emphasis added); *see Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988). The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." S.S.R. No. 85–28 (1985).

At Step Two, the ALJ found that Plaintiff "ha[d]the following severe impairments: spinal disc disease, right shoulder joint disease, diabetes, bipolar disorder, schizoaffective disorder, posttraumatic stress disorder ("PTSD"), and cannabis use disorder (20 CFR 404.1520(c) and 416.920(c))." (A.R. 19). Plaintiff contends that the ALJ failed to consider his neuropathy at Step Two and should have included it among his severe impairments. (ECF No. 14, p. 7). Defendant states that "Plaintiff is correct that the ALJ did not specifically discuss his neuropathy allegations at step two" but argues that, "[e]ven if the ALJ [erred] at step two, the ALJ discussed Plaintiff's alleged neuropathy later in the decision, curing any error." (ECF No. 18, p. 8).

Because Defendant offers no defense to the ALJ's decision to not include neuropathy as a severe impairment at Step Two, the Court considers the second part of Plaintiff's argument, whether the ALJ properly accounted for Plaintiff's neuropathy symptoms in connection with the

RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (noting that any error in failing to find an impairment severe at Step Two is harmless where the ALJ considers the limitations posed by the impairment in the Step Four analysis).

A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted). In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

The ALJ formulated the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot climb ladders, ropes, or scaffolds. He can occasionally balance, kneel, stoop, crouch, crawl, or climb ramps or stairs. He can frequently reach with his right upper extremity except he cannot reach overhead with his right upper extremity. He can perform simple, routine, and repetitive tasks. He cannot tolerate fast-paced work or strict production quotas. He can tolerate occasional interaction with others.

(A.R. 21).

Plaintiff argues that this RFC is deficient because the ALJ improperly relied "on benign objective medical imaging to discount his neuropathy," which was "nothing more than a failed attempt by the ALJ to improperly play doctor." (ECF No. 14, p. 8). Defendant argues that the

ALJ properly considered Plaintiff's neuropathy symptoms and had substantial evidence to conclude that additional limitations were not warranted in the RFC. (ECF No. 18, pp. 8-9).

Turning to the opinion, the ALJ acknowledged Plaintiff's allegations about his neuropathy, including his allegations regarding extremity numbness, tingling, and pain. (A.R. 22). Moreover, the ALJ acknowledged that "medical evidence partially support[ed] some of [Plaintiff's] allegations." (A.R. 22). However, the ALJ determined that "the weight of the evidence [did] not support greater restrictions than included in the above residual functional capacity finding." (A.R. 22). Among other things, the ALJ noted as follows:

> For example, the claimant's alleged neuropathy was reflected in the records in 2007 (*e.g.*, C2F/266, 274, 282). However, since the earliest potential onset date, his records have lacked significant neurological complaints (*e.g.*, C1F/3; C15F/77, 455; C16F/3, 10, 105, 113), with a notable exception being chiropractic records that appear to describe radiculopathy (*e.g.*, C15F/322, 344, 363). However, while his MRI noted some cervical degeneration, this was only of mild severity with no significant neurological involvement (C15F/462). X-rays of his cervical, lumbar, and thoracic spine were unremarkable (C15F/467, 474-75; *see also* C15F/468). His shoulder x-ray was also normal, and his shoulder MRI lacked more substantial findings such as rotator cuff tearing (C15F/464, 466). His recent orthopedic exams described normal strength, negative Spurling's tests, intact sensation and normal reflexes (C15F/452-53, 456).

(A.R. 22-23). And elsewhere in the opinion, the ALJ noted that "[p]ast evidence described neuropathy, but physical exams generally described normal strength and sensation (*e.g.*, C1F/3; C15F/452-53, 45." (A.R. 19).

Such discussion shows that the ALJ considered Plaintiff's neuropathy in formulating the RFC, but ultimately did not find it to cause disabling symptoms, generally because there was a lack of objective medical support for Plaintiff's asserted complaints and because of his normal medical examination findings. "Though an ALJ determines a plaintiff's residual functional capacity . . . an ALJ is not allowed to make medical judgments, but only legal judgments based on medical evidence." *Duarte v. Saul*, No. 2:19-CV-01019 AC, 2020 WL 5257597, at *5 (E.D. Cal. Sept. 3, 2020). However, there "is a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*,

53 F.4th 485, 488 (9th Cir. 2022).

Additionally, a state agency consultant reviewed records regarding Plaintiff's neuropathy and other medical impairments and opined that Plaintiff was not disabled but was capable of medium work. (A.R. 200-241). While the ALJ did not find this opinion to be persuasive, it was because the ALJ adopted an even more restrictive RFC, limiting Plaintiff to light work. (ECF No. 24). Thus, a medical opinion in the record supported even fewer restriction than the RFC after a review of records regarding neuropathy and other medical impairments.

Moreover, based on the evidence, the ALJ added further limitations to the RFC, including that Plaintiff could only occasionally balance, crawl, or climb stairs. (A.R. 21). Notably, Plaintiff does not provide a developed explanation of what further limitations were warranted in the RFC due to his neuropathy. *See Guerra-Macias v. Saul*, No. 1:19-CV-01372-SKO, 2021 WL 325641, at *10 (E.D. Cal. Feb. 1, 2021) (concluding that any error was harmless where the Plaintiff failed to identify "what additional limitations should have been included in her RFC"). While Plaintiff offers an alternative interpretation of the record that would find him disabled, the Court must defer to the ALJ's conclusion as it is reasonable. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Accordingly, because the ALJ properly considered Plaintiff's neuropathy-related symptoms in formulating the RFC, any error at Step Two was harmless.

### B. Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ failed to provide specific, clear and convincing reasons to reject his subjective complaints and thus failed to account for all of his limitations in formulating the RFC. (ECF No. 14, p. 9). Defendant argues that the ALJ's reasoning was sufficient to discount Plaintiff's subjective complaints. (ECF No. 18, pp. 10-13).

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by

objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

However, "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). An ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Accordingly, our next task is to determine whether the ALJ's adverse credibility finding of Carmickle's testimony is supported by substantial evidence under the clear-and-convincing standard.").

As to Plaintiff's subjective complaints, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 22). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony.

Here, the ALJ summarized Plaintiff's subjective complaints as follows:

> The claimant alleged disability due to impairments including diabetes, neuropathy, anxiety, depression, and psychosis (Testimony, C2E). He alleged symptoms such as extremity numbness and tingling, diffuse pain, fatigue, reduced muscle function, leg spasms, vertigo, depressed moods, perceptual disturbances, daily visual hallucinations, frequent audio hallucinations, forgetfulness, distractibility, nightmares, and excessive sleep. He alleged limitations in functions such as standing, walking, sitting, lifting, performing postural maneuvers, reaching, using his hands, seeing, hearing, memory, concentration, understanding, completing tasks, and following instructions (Testimony, C6E).

(A.R. 22).

While agreeing that Plaintiff's complaints were partially supported by the medical evidence, the ALJ ultimately concluded that Plaintiff's "statements about the intensity,

persistence, and limiting effects of their symptoms are not fully consistent with the weight of the medical evidence." (A.R. 22). Thereafter, the ALJ noted among things that: (1) the record "lacked significant neurological complaints (*e.g.*, C1F/3; C15F/77, 455; C16F/3, 10, 105, 113)"; (2) Plaintiff had "unremarkable" X-rays; (3) "[h]is recent orthopedic exams described normal strength, negative Spurling's tests, intact sensation and normal reflexes (C15F/452-53, 456)"; (4) his mental impairments appeared "to be solely based on self reports"; (5) "mental status exams also generally described polite, respectful, and cooperative behavior with normal intelligence, speech, cognition, insight, judgment, appearance, motor function, and memory (*e.g.*, C4F/9, 13, 19, 21, 33, 37, 41; C10F/7, 11, 23, 27; C14F/9, 14, 20-21, 26; C15F/22, 128, 219; C17F/32)"; and (6) "[h]e has not required inpatient hospitalization during the relevant period, and his symptoms are reportedly improved through conservative outpatient medication management (*e.g.*, C14F/7, 9, 18, 26; C17F/5, 11, 25, 31)." (A.R. 23).

Such reasoning is valid. First, even though the lack of supporting evidence cannot be the sole basis to discount testimony, it can be a factor. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Moreover, the ALJ properly relied on evidence inconsistent with disability to discount Plaintiff's complaints, *e.g.*, normal mental status examinations. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Further, the Court notes that the RFC was based, in part, on the opinion of a State agency psychological consultant, who "indicated that [Plaintiff] could concentrate on simple, routine tasks and tolerate occasional interaction with coworkers." (A.R. 24).

In short, the Court concludes that the ALJ provided legally sufficient reasons to reject Plaintiff's subjective complaints.

\\\

\\\

\\\

## II. CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated: **January 9, 2024**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE